UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

VANGELI KASELURIS,

        Plaintiff,

-against-

BANK OF AMERICA, NATIONAL ASSOCIATION,
and CHEX SYSTEMS, INC.

        Defendants.

------------------------------------------------------------X

COMPLAINT

07 CIV 9336



The plaintiff **VANGELI KASELURIS**, (hereafter the "plaintiff" or "Mr. Kaseluris") by his attorneys, Fishman & Neil, LLP, as and for his complaint against the defendants **BANK OF AMERICA, NATIONAL ASSOCIATION** ("Bank of America") and **CHEX SYSTEMS, INC.** ("ChexSystems"), alleges as follows, upon information and belief:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages and statutory attorney's fees brought pursuant to 15 USC § 1681 *et seq.* ("Fair Credit Reporting Act" or "FCRA") and the New York Fair Credit Reporting Act (General Business Law Art. 25 §§ 380 *et seq.*) ("NYFCRA") In addition, the plaintiff seeks actual and punitive damages on his common law pendant state claims for defamation and

1

invasion of privacy, and a declaration from the court that he is not responsible for any alleged amounts owing on the subject Bank of America checking account.

2. Bank of America violated the FCRA and NYFCRA by failing to conduct a proper investigation of the plaintiff's disputes he had filed with the credit reporting agency defendants. Those disputes claimed that the plaintiff did not engage in any "account abuse" with his Bank of America checking account, as stated on the plaintiff's credit reports. Bank of America failed to review all relevant information purportedly provided to it by ChexSystems and it failed to direct ChexSystems to delete inaccurate information about the plaintiff from the files maintained by them.

3. In addition, Bank of America willfully and maliciously defamed the plaintiff by repeatedly reporting information about him to various third parties which it knew, or reasonably should have known, was false. As a result of such actions and conduct, the plaintiff suffered damage, including, inter alia, damage to his credit rating and an inability to open new checking accounts, which he is permitted to recover for in this action and he is also entitled to an award of punitive damages.

4. ChexSystems violated the FCRA and NYFCRA by repeatedly issuing credit reports to various third-parties, purportedly pertaining to the plaintiff, which contained erroneous information regarding plaintiff, despite having received actual notice, on repeated occasions, that such information was not his or was otherwise inaccurate.

5. ChexSystems repeatedly violated their obligation under the FCRA and NYFCRA to properly investigate disputed items in the plaintiff's credit file it maintained.

6. ChexSystems defamed the plaintiff and violated his privacy by repeatedly publishing to third-parties information purportedly about him which was false and which caused him to suffer injury.

7. ChexSystems provided the plaintiff's credit report, containing erroneous information, to third-parties, who then used such reports to make creditworthiness determinations about him and, as a result, his credit score was adversely affected and he was repeatedly denied the opportunity to open a checking account with other banks.

8. ChexSystems willfully violated various provisions of the FCRA, as set forth herein, and the plaintiff is thereby entitled to an award of punitive damages pursuant to the FCRA.

9. ChexSystems also willfully and maliciously defamed the plaintiff by repeatedly reporting information about him to various third parties which it knew, or reasonably should have known, was false. As a result of such actions and conduct the plaintiff suffered damage which he is permitted to recover for in this action and he is also entitled to an award of punitive damages.

10. The plaintiff further alleges that as a direct and proximate result of the each of the defendants' actions, conduct and omissions he suffered actual

damage including, but not limited to, damage to his reputation, an inability to open new checking accounts with other banks, emotional distress, annoyance, aggravation, frustration, time missed from his employment and legal fees to secure the defendants' compliance with the FCRA.

## JURISDICTION AND VENUE

11. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p). This Court has supplemental jurisdiction of the state law claims asserted herein under 28 U.S.C. § 1367(a) and pendant jurisdiction over the state common law claims asserted herein. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

12. The plaintiff is an adult resident of the State and City of New York, County of New York.

13. The plaintiff is a "consumer" within the meaning of the FCRA [15 U.S.C. § 1681a(c)].

14. Bank of America is a national bank duly authorized and qualified to do business in the State of New York.

15. Bank of America is a "furnisher of information" within the meaning of the FCRA [15 U.S.C. § 1681s-2 *et seq.*].

16. ChexSystems is a Minnesota corporation, duly authorized and qualified to do business in the State of New York.

17. ChexSystems is a "consumer reporting agency" within the meaning of the

FCRA [15 U.S.C. § 1681a(f)].

## FACTUAL BACKGROUND

18. The plaintiff opened a checking account with Bank of America (formerly known as Fleet Bank) in around February 2005.

19. The plaintiff deposited several large checks into that checking account shortly after opening the account. After clearance of those check the plaintiff then wrote a check for $22,000 for the purchase of an automobile.

20. Bank of America refused to honor that check, despite the fact that the plaintiff had sufficient funds in his account to cover the check.

21. Bank of America refused to honor the check because it erroneously believed that one or more of the plaintiff's deposited checks had not cleared. However, those checks had in fact cleared and those funds were credited to Bank of America.

22. Part of the Bank of America's mistake was that it kept attempting to re-deposit checks which had already cleared. Those attempts failed because the amounts had already been provided to Bank of America.

23. Bank of America then began to report "Account Abuse" regarding the plaintiff to ChexSystems based on its internal errors.

24. Sometime prior to March 2006 the plaintiff attempted to open checking accounts with M&T Bank and Susquehanna Bank in New York, NY. Both banks refused to allow the plaintiff to open a checking account due to reports from

ChexSystems which falsely stated that the plaintiff had twice engaged in "Account Abuse" of his Bank of America checking account.

25. On or about March 21, 2006 the plaintiff wrote to ChexSystems via certified mail and disputed the inaccurate information contained in the report. ChexSystems sent to M&T and Susquehanna Banks. The letter demanded that ChexSystems conduct an investigation of the dispute and advise Bank of America that the information they were providing was false.

26. On or about April 6, 2006 ChexSystems completed its reinvestigation into the plaintiff's dispute and informed the plaintiff in writing that it had "verified as accurate and complete" the erroneous Bank of America information.

27. On or about April 11, 2006 the plaintiff further wrote to Bank of America's counsel to dispute the inaccurate information that the Bank had provided to ChexSystems.

28. On or about February 5, 2007 the plaintiff once again sent a detailed letter with supporting documentation to ChexSystems via certified mail disputed the inaccurate information it continued to report about him regarding the alleged account abuse with Bank of America.

29. On or about February 19, 2007 ChexSystems completed its reinvestigation into the plaintiff's dispute and informed the plaintiff in writing that it had once again "verified as accurate and complete" the erroneous Bank of America information.

30. That letter also stated that if requested ChexSystems would provide the plaintiff with "a description of the procedure used to determine the accuracy and completeness of the disputed information in your file."

31. Pursuant to that offer, on or about February 28, 2007 the plaintiff wrote to ChexSystems and asked them to provide him with a description of the procedures used to determine the accuracy and completeness of the disputed information in his file.

32. On or about March 1, 2007 ChexSystems responded to the plaintiff with a letter stating that "we are unsure of what information is being disputed." In doing so, ChexSystems failed to provide the plaintiff with "a description of the procedure used to determine the accuracy and completeness of the disputed information in his file."

33. On or about March 1, 2007 the plaintiff again attempted to open a checking account with M&T Bank. The plaintiff's application was once again denied because of the inaccurate information contained in the ChexSystems report which was provided to M&T Bank.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST BANK OF AMERICA FOR VIOLATION OF THE FCRA AND NYFCRA

34. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

35. After being informed by ChexSystems that the plaintiff disputed the

accuracy of the information it was providing, Bank of America negligently failed to conduct a proper investigation of the plaintiff's dispute pertaining to the erroneously listed Bank of America account that it had reported to ChexSystems, as required by 15 U.S.C. § 1681s-2(b)(A).

36. Bank of America negligently failed to review all relevant information purportedly provided by such ChexSystems to Bank of America in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

37. Bank of America negligently failed to direct such ChexSystems to delete inaccurate information about the plaintiff pertaining to the erroneously listed Bank of America account, as required by 15 U.S.C. § 1681s-2(b)(C).

38. The plaintiff has a private right of action to assert claims against Bank of America arising under 15 U.S.C. § 1681s-2(b).

39. Bank of America is liable to the plaintiff for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST BANK OF AMERICA FOR VIOLATION OF THE FCRA AND NYFCRA

40. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

41. After being informed by the ChexSystems that the plaintiff disputed the

accuracy of the information it was providing, Bank of America wilfully failed to conduct a proper investigation of the plaintiff's dispute pertaining to the erroneously listed Bank of America account that it had reported to the credit reporting agency defendants, as required by 15 U.S.C. § 1681s-2(b)(A).

42. Bank of America willfully failed to review all relevant information purportedly provided by such ChexSystems to Bank of America in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

43. Bank of America willfully failed to direct ChexSystems to delete inaccurate information about the plaintiff pertaining to the erroneous Bank of America account as required by 15 U.S.C. § 1681s-2(b)(C).

44. The plaintiff has a private right of action to assert claims against Bank of America arising under 15 U.S.C. § 1681s-2(b).

45. Bank of America is liable to the plaintiff for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with an award of punitive damages to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST BANK OF AMERICA FOR DEFAMATION

46. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

47. Bank of America maliciously defamed the plaintiff by its knowing publication to third-parties, including, but not necessarily limited to, ChexSystems and at least one debt collection agency, of erroneous information that the plaintiff had abused his Bank of America checking account by writing bad checks.

48. Bank of America had actual knowledge of the false and fraudulent nature of such information and published it despite having such knowledge.

49. Bank of America's actual knowledge of the falsity and reckless disregard for the truth demonstrates its malice and/or willful intent to injure the plaintiff.

50. As a direct and proximate result of such conduct, the plaintiff suffered actual damages as set forth herein.

51. Bank of America is liable to the plaintiff for the actual damages he has sustained by reason of such conduct.

52. The plaintiff is entitled to an award of punitive damages from Bank of America in an amount sufficient to punish it for its conduct as well as to serve as a deterrent to it and to others to prevent the occurrence of such egregious conduct in the future.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST BANK OF AMERICA FOR A DECLARATORY JUDGMENT

53. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

54. At no time did the Plaintiff ever write or attempt to pass any checks from

his Bank of America account which he did not have sufficient funds to cover it.

55. Bank of America has continued to demand that the plaintiff pay the disputed charges on the account and has reported his failure to pay such charges to national ChexSystems and at least one debt collection law firm.

56. The plaintiff is entitled to a declaration by the Court, pursuant to 28 USC § 2201, that he is not liable to Bank of America for any delinquent checks on the account and an injunction directing Bank of America to correct its records so as to delete the account and enjoining it from continue to publish erroneous information about him to any third party.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST CHEXSYSTEMS FOR VIOLATION OF THE FCRA AND NYFCRA

57. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

58. ChexSystems negligently failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in the plaintiff's consumer reports as contained in its files pertaining to the plaintiff or in credit reports supplied to third parties in violation of 15 U.S.C. § 1681i and NYFCRA § 380-f.

59. As a direct and proximate result of such conduct, the plaintiff suffered actual damages as set forth herein.

60. ChexSystems is liable to the plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees and he may recover therefore pursuant to 15 U.S.C. § 1681o and NYFCRA § 380-m.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST CHEXSYSTEMS FOR VIOLATION OF THE FCRA AND NYFCRA

61. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

62. ChexSystems willfully failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in the plaintiff's consumer reports as contained in its files pertaining to the plaintiff or in credit reports supplied to third parties in violation of 15 U.S.C. § 1681i and NYFCRA § 380-f.

63. As a direct and proximate result of such conduct, the plaintiff suffered actual damages as set forth herein.

64. ChexSystems is liable to the plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, together with punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees and he may recover therefore pursuant to 15 U.S.C. § 1681n and NYFCRA § 380-l.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST CHEXSYSTEMS FOR DEFAMATION

65. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

66. ChexSystems maliciously defamed the plaintiff by its knowing publication to third-parties of the plaintiff's credit report containing the erroneous and adverse information that the plaintiff had engaged in account abuse regarding his Bank of America checking account.

67. ChexSystems had actual knowledge of the false, inaccurate and fraudulent nature of such information and published it despite having such knowledge.

68. ChexSystems's actual knowledge that its reports about the plaintiff were false, and its reckless disregard for the truth demonstrates its malice and/or willful intent to injure the plaintiff.

69. As a direct and proximate result of such conduct, the plaintiff suffered actual damages as set forth herein.

70. ChexSystems is liable to the plaintiff for the actual damages he has sustained by reason of such conduct.

71. The plaintiff is entitled to an award of punitive damages from ChexSystems in an amount sufficient to punish it for its conduct as well as to deter it, and others from engaging in such egregious conduct in the future.

**WHEREFORE**, the plaintiff demands judgment against Bank of America and ChexSystems on the claims set forth above, together with the interest, costs, disbursements of this action and such other relief as may be just.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: September 26, 2007

KEVIN MALLON (kcm 4798)
FISHMAN & NEIL, LLP
305 Broadway Suite 900
New York, NY  10007
(212) 897-5840
Attorneys for the Plaintiff