CONSTANTINE A. DESPOTAKIS, ESQ. (CD 4944)
WILSON, MOSKOWITZ, EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
Tel: (914) 323-7000
Attorneys for Defendant Bank of America, National Association

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

VANGELI KASELURIS,

                    Plaintiff,                    07 CV 9336 (NRB)

          v.                                      ANSWER
                                                  AND AFFIRMATIVE DEFENSES

BANK OF AMERICA, NATIONAL ASSOCIATION
and CHEX SYSTEMS, INC.,

                    Defendants.

-----------------------------------------------------------------------x

        Defendant, Bank of America, National Association (hereinafter "BOA"), by its undersigned

attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, in response to the plaintiff's

Complaint answers as follows:

        1.      Denies the allegations contained in paragraph 1 of the Complaint and respectfully

puts plaintiff to his proof and refers all questions of fact and law to this Court for determination, and

further states that paragraph 1 of the Complaint fails to allege any facts as to which any affirmative

pleading response is required.

        2.      Denies the allegations contained in paragraph 2 of the Complaint and respectfully

puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

3.      Denies the allegations contained in paragraph 3 of the Complaint and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

4.      Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 4 of the Complaint.

5.      Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint.

6.      Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint.

7.      Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint.

8.      Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint.

9.      Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint.

10.     Denies the allegations contained in paragraph 10 of the Complaint and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

11.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 11 of the Complaint, and further states that paragraph 11of the Complaint fails to allege any facts as to which any affirmative pleading response is required

12.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint.

13.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint, and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

14.     Admits the allegations contained in paragraph 14 of the Complaint.

15.     Denies the allegations contained in paragraph 15 of the Complaint, and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

16.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 16 of the Complaint.

17.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint.

18.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint, except admits solely that plaintiff maintained certain checking accounts at BOA and effected certain transactions from time to time in respect of those accounts, and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

19.     Denies the allegations contained in paragraph 19 of the Complaint.

20.     Denies the allegations contained in paragraph 20 of the Complaint and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

21.     Denies the allegations contained in paragraph 21 of the Complaint and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

22.     Denies the allegations contained in paragraph 22 of the Complaint and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

23.     Denies the allegations contained in paragraph 23 of the Complaint and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

24.     Denies the allegations contained in paragraph 24 of the Complaint to the extent they relate to, or are alleged against, BOA, and as to the remaining allegations denies knowledge and information sufficient to form a belief as to the allegations contained in said paragraph 24 of the Complaint.

25.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint, and to the extent they relate to, or are alleged against, BOA, the allegations contained in said paragraph 25 of the Complaint are denied.

26.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 26 of the Complaint and to the extent they relate to, or are alleged against, BOA, the allegations contained in said paragraph 26 of the Complaint are denied.

27.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint.

28.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 28 of the Complaint, and to the extent they relate to, or are alleged against, BOA, the allegations contained in said paragraph 28 of the Complaint are denied..

29.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 29 of the Complaint.

30.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint.

31.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 31 of the Complaint.

32.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 32 of the Complaint.

33.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 33 of the Complaint.

34.     Responds to the allegations contained in paragraph 34 of the Complaint in the same manner and with the same force and effect as its answers set forth in paragraphs 1 through 33, inclusive, hereinabove, the contents of which are incorporated by reference as though fully set forth herein.

35.     Denies the allegations contained in paragraph 35 of the Complaint and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

36.     Denies the allegations contained in paragraph 36 of the Complaint and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

37.    Denies the allegations contained in paragraph 37 of the Complaint and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

38.    Denies the allegations contained in paragraph 38 of the Complaint and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

39.    Denies the allegations contained in paragraph 39 of the Complaint and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

40.    Responds to the allegations contained in paragraph 40 of the Complaint in the same manner and with the same force and effect as its answers set forth in paragraphs 1 through 39, inclusive, hereinabove, the contents of which are incorporated by reference as though fully set forth herein.

41.    Denies the allegations contained in paragraph 41 of the Complaint and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

42.    Denies the allegations contained in paragraph 42 of the Complaint and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

43.    Denies the allegations contained in paragraph 43 of the Complaint and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

44.    Denies the allegations contained in paragraph 44 of the Complaint and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

45.    Denies the allegations contained in paragraph 45 of the Complaint and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

46.    Responds to the allegations contained in paragraph 46 of the Complaint in the same manner and with the same force and effect as its answers set forth in paragraphs 1 through 45, inclusive, hereinabove, the contents of which are incorporated by reference as though fully set forth herein..

47.    Denies the allegations contained in paragraph 47 of the Complaint and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

48.    Denies the allegations contained in paragraph 48 of the Complaint and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

49.    Denies the allegations contained in paragraph 49 of the Complaint and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

50.    Denies the allegations contained in paragraph 50 of the Complaint and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

51.    Denies the allegations contained in paragraph 51 of the Complaint and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

52.    Denies the allegations contained in paragraph 52 of the Complaint and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

53.    Responds to the allegations contained in paragraph 53 of the Complaint in the same manner and with the same force and effect as its answers set forth in paragraphs 1 through 52, inclusive, hereinabove, the contents of which are incorporated by reference as though fully set forth herein..

54.     Denies the allegations contained in paragraph 54 of the Complaint and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

55.     Denies the allegations contained in paragraph 55 of the Complaint and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

56.     Denies the allegations contained in paragraph 56 of the Complaint and respectfully puts plaintiff to his proof and refers all questions of fact and law to this Court for determination.

57.     Responds to the allegations contained in paragraph 57 of the Complaint in the same manner and with the same force and effect as its answers set forth in paragraphs 1 through 56, inclusive, hereinabove, the contents of which are incorporated by reference as though fully set forth herein..

58.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 58 of the Complaint.

59.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 59 of the Complaint.

60.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 60 of the Complaint.

61.     Responds to the allegations contained in paragraph 61 of the Complaint in the same manner and with the same force and effect as its answers set forth in paragraphs 1 through 60, inclusive, hereinabove, the contents of which are incorporated by reference as though fully set forth herein..

62.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 62 of the Complaint.

63.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 63 of the Complaint.

64.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 64 of the Complaint.

65.     Responds to the allegations contained in paragraph 65 of the Complaint in the same manner and with the same force and effect as its answers set forth in paragraphs 1 through 64, inclusive, hereinabove, the contents of which are incorporated by reference as though fully set forth herein..

66.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 66 of the Complaint.

67.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 67 of the Complaint.

68.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 68 of the Complaint.

69.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 69 of the Complaint.

70.     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 70 of the Complaint.

71.      Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 71 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

72.      Plaintiff fails to state a cause of action  upon  which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

73.      Plaintiff's action is barred by the principle of absolute and/or qualified privilege in respect of any report or statements attributed to BOA regarding plaintiff's account.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

74.      Upon information and belief, any report or statements attributed to BOA regarding plaintiff's account were truthful and accurate.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

75.      Upon information and belief, plaintiff (i) has not been damaged by reason of any act on the part of BOA, and (ii) BOA has not breached any legal duty to plaintiff but has acted properly in all respects.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

76.      Plaintiff's action is barred by his negligence.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

77.      Upon information and belief, plaintiff's action is barred by his governing account agreements with BOA.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

78.     Upon information and belief, plaintiff's action is barred by the applicable governing law and/or governing account agreements regarding account balances.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

79.     Upon information and belief, plaintiff's action is barred by the principle of estoppel.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

80.     Upon information and belief, plaintiff's action is barred by the principle of waiver.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

81.     Upon information and belief, plaintiff's action is barred by his own *prima facie* tortious conduct regarding the use of his account.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

82.     Plaintiff's account was properly reported based upon a continuing overdraft on  his checking account maintained at BOA.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

83.     Upon information and belief, at all pertinent times, BOA acted properly and in accordance with the facts as applicable to plaintiff's account.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

84.     Upon information and belief, plaintiff's action is barred by the principle of "unclean hands".

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

85.     Upon information and belief, plaintiff's action is, or may be, barred by the applicable statute of limitations and/or any applicable contractual time bar provision, if any, in the governing account agreement.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

86.     Upon information and belief, plaintiff's alleged injuries were not proximately caused by any action on the part of BOA.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

87.     Plaintiff's action is barred since the Complaint fails to plead any allegations of defamation with specificity as required by New York CPLR 3016(a).

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

88.     Plaintiff is not entitled to recover either punitive damages or counsel's fees in this matter.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

89.     Plaintiff's damages, if any, in this matter are *de minimus*.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

90.     Plaintiff has failed to mitigate his alleged damages, if any.

**WHEREFORE,** defendant Bank of America, National Association respectfully requests an Order of the Court dismissing the plaintiff's complaint, together with such other and further relief as to this Court may seem just and proper.

Dated: White Plains, NY
      January 15, 2008

                  Yours etc,

                  WILSON, ELSER, MOSKOWITZ,
                      EDELMAN & DICKER LLP

                  By____*/s/ Constantine Despotakis*_____
                  Constantine A. Despotakis, Esq. (CD 4944)
                  Attorneys for Defendant
                  Bank of America, National Association
                  3 Gannett Drive
                  White Plains, New York 10604
                  Tel. (914) 323-7000
                  Our File No. 02503.00319

To:    Kevin Mallon, Esq.
        FISHMAN & NEIL, LLP
        Attorneys for Plaintiffs
        305 Broadway Suite 900
        New York, NY 10007
        Tel. (212) 897-5840

        Casey D. Laffey, Esq.
        REED SMITH LLP
        Attorneys for Defendant
        Chex Systems, Inc.
        599 Lexington Avenue
        New York, NY 10022
        Tel.  (212) 521-5400

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK              )
                                         ) ss.:

COUNTY OF WESTCHESTER    )

I, Geri Manno, being sworn, say:

I am not a party to the action, am over the age of 18 years of age and reside in Westchester County, New York. On January 15, 2008, I served the within **ANSWER AND AFFIRMATIVE DEFENSES** by depositing a true copy thereof enclosed in a postpaid wrapper, via First Class Mail and/or International Air Mail as the case may be, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

> Kevin Mallon, Esq.
> FISHMAN & NEIL, LLP
> Attorneys for Plaintiffs
> 305 Broadway Suite 900
> New York, NY 10007
>
> Casey D. Laffey, Esq.
> REED SMITH LLP
> Attorneys for Defendant
> Chex Systems, Inc.
> 599 Lexington Avenue
> New York, NY 10022

_____*/s/ Geri Manno*_____
Geri Manno

Sworn to before me this
15th day of January, 2008

_*/s/ Constantine Despotakis*___
Notary Public

1859149.1